**Kenneth A. McCREADY,**
**Plaintiff–Appellant,**

v.

**Bruce Lee KAMMINGA, d/b/a Specialty Marine; David S. McDuffee; David Simpson, Defendants–Appellees.**

No. 03–2167.

United States Court of Appeals,
Sixth Circuit.

Aug. 12, 2004.

**48**

Kenneth A. McCready, Loda, IL, pro se.

Bruce Lee Kamminga, Calendonia, MI, pro se.

David S. McDuffee, Caledonia, MI, pro se.

Before KEITH, MARTIN, and ROGERS, Circuit Judges.

*ORDER*

Kenneth A. McCready, a Michigan litigant proceeding pro se, appeals a district court judgment dismissing his complaint filed under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, et seq., and under state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

McCready filed this complaint against Bruce Lee Kamminga, d/b/a Specialty Marine, and David S. McDuffee, alleging that the defendants violated certain provisions of the FDCPA. He also alleged state law claims for conversion, breach of contract, defamation, and violation of the Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.901, et seq.

McCready's claims stem from his attempt to purchase, from defendant Kamminga, a 1996 Yamaha V–Max 600 snowmobile via the ebay auction website. McCready entered the highest bid of $495 on February 28, 2002, thereby ending the auction. According to the payment instructions for this auction, McCready had to submit to defendant Kamminga ten percent of the purchase price within 48 hours, with the remaining balance to be paid within seven days. The instructions also indicated that storage of the snowmobile, for up to 30 days, could be arranged "for a fee."

McCready made two phone calls to defendant Kamminga, on February 28, 2002 and March 9, 2002, saying he would pick up the snowmobile. He failed to appear both times. On March 11, 2002, McCready transmitted $195.00 to defendant Kamminga via an online payment service. McCready again told defendant Kamminga he would pick up the snowmobile that weekend. He again failed to do so. Defendant Kamminga did not hear from McCready again until April 8, 2002, at which time defendant Kamminga informed McCready that because McCready had breached the contract, he had sold the snowmobile to another party on April 6, 2002. Defendant Kamminga retained the $195.00 to cover storage costs.

McCready began threatening defendant Kamminga with legal action after being

told the snowmobile had been sold to someone else. McCready involved defendant McDuffee, a local lawyer, in the matter upon learning defendant Kamminga had discussed the issue with him. A complaint was filed on September 3, 2002.

On December 18, 2002, the defendants filed a motion to dismiss the matter in its entirety. The matter was referred to the magistrate judge who converted the motion to dismiss into a motion for summary judgment since matters outside the pleadings were considered. The magistrate judge issued a report recommending dismissal of the action on April 2, 2003. The district court adopted the report and recommendation over McCready's objections in an opinion dated May 9, 2003. Reconsideration was denied. This appeal followed.

Initially, we note that McCready accomplished the following in his objections to the magistrate judge's report and recommendation: he repeatedly and inappropriately insulted the magistrate judge; he insisted on the accuracy of his factual and legal assertions; he characterized the defendants as liars; and he threatened the district court with promises to file for a writ of mandamus if his cause of action was dismissed. McCready, however, failed to address the merits of the substantive issues raised in his complaint, challenged in the defendants' motion to dismiss, and reviewed by the magistrate judge. Rather, McCready filed a rambling, 143–page objection to the magistrate judge's report and recommendation that contained numerous fundamental flaws in reasoning and analysis. McCready offered bold conclusions regarding facts and the law with little, if any support.

A party waives his right to appeal an issue to the court of appeals if he failed to object to the magistrate judge's recommendation and report within ten days of the filing of the report so long as the report informed the party of the effect of such failure. *See United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981). We have extended this rule to generalized objections. *See Howard v. Sec. of Health and Human Servs.,* 932 F.2d 505, 509 (6th Cir.1991). Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely. *Id.* at 509.

McCready did not file any specific objections to the magistrate judge's report and recommendation despite being advised to do so. Although exceptional circumstances may warrant departure from the waiver rule in the interests of justice, *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), no exceptional circumstances exist in this case.

Nevertheless, we find no error in the disposition of McCready's claims. McCready did not present evidence that the defendants are debt collectors within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6). Moreover, subject matter jurisdiction is lacking because McCready cannot in good faith claim the jurisdictional amount.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.