In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 05-2450 & 05-3043

KENNETH A. MCCREADY,

*Plaintiff-Appellant,*

*v.*

EBAY, INC., BRUCE KAMMINGA,
and DAVID MCDUFFEE,

*Defendants-Appellees.*

Appeals from the United States District Court
for the Central District of Illinois.
No. 03 C 2117—**Michael P. McCuskey,** *Chief Judge.*
No. 05 C 2033—**Harold A. Baker,** *Judge.*

SUBMITTED JANUARY 19, 2006—DECIDED JULY 10, 2006

Before EASTERBROOK, MANION, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* Kenneth McCready has used the federal and state courts to harass eBay, Inc. and eBay's customers. Acting pro se, McCready has brought suits in many different courts, including: twice in the United States District Court for the Central District of Illinois, the United States District Court for the Eastern District of Michigan, United States Bankruptcy Court for the Northern District of Illinois, and Iroquois County (Illinois) Circuit Court. Although McCready's choice of fora may differ, his allegations (and the respective outcomes) do not. In fact,

McCready has been wildly unsuccessful in each instance.

Here, the two suits filed in the Central District of Illinois were dismissed, and we consolidated McCready's appeals in order to provide a better understanding of the litany of his repetitive and frivolous legal maneuvers. For the reasons stated below, we affirm. Additionally, we order McCready to show cause why he should not be sanctioned for his abuse of process.

## I.  HISTORY

McCready operated an online business in which he bought and sold various items through several accounts he had registered with eBay, the popular online marketplace. As with all users, eBay required McCready to abide by its user agreement. McCready's dealings left several eBay users dissatisfied, and they used eBay's Feedback Forum to voice their displeasure. The buyers complained that McCready failed to deliver the goods he sold or delivered goods of lower quality than he had advertised. eBay notified McCready of the complaints and informed him that his accounts would be suspended if he did not resolve them. After investigating the claims, eBay suspended McCready's accounts in June or July 2002, and advised him that he would be reinstated if he reimbursed the claimants. Rather than make good on his sales, McCready embarked on retaliatory litigation.

The first lawsuit originated in the bankruptcy court for the Northern District of Illinois, where McCready had filed for bankruptcy on April 17, 2002. On August 26, 2002, McCready petitioned for sanctions against eBay, alleging that eBay's suspension of his account violated the automatic stay provisions of 11 U.S.C. § 362(a). The bankruptcy court denied McCready's petition. In an order dated March 29, 2004, the district court, on appeal, affirmed, agreeing with the bankruptcy court's conclusion that eBay was not

collecting debts but merely opting not to do business with McCready.

McCready brought his second suit in Iroquois County (Illinois) Circuit Court, where he filed a complaint against eBay and other defendants on November 26, 2002. The circuit court denied all of McCready's claims and sanctioned him $1000 for litigating in bad faith. The Appellate Court of Illinois affirmed. *McCready v. EBay, Inc.*, No. 3-03-1017 (Ill. App. Ct. May 27, 2005), *cert. denied*, 844 N.E.2d 39 (Ill. 2005).

Seeking to protect itself, eBay sued McCready on March 12, 2003, in California state court requesting declaratory relief allowing eBay to terminate its dealings with McCready. McCready removed the suit to federal court, but eBay successfully caused the case to be remanded to state court where default judgment was entered against McCready.

In the third action (the first case on appeal, No. 05-2450), McCready filed an 82-page complaint in the Central District of Illinois on July 9, 2003, against eBay and numerous users of eBay. McCready alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"), Title 11 of the U.S. Bankruptcy Code, and the Electronic Fund Transfers Act, 15 U.S.C. § 1693, *et seq.* (the "EFTA"). McCready alleged nine state law claims as well.

On December 3, 2004, the district judge dismissed all defendants other than eBay. On February 4, 2005, the court issued an order ruling on eBay's motion to dismiss. In its order, the district court refused eBay's request to apply res judicata to the federal claims, explaining that the lawsuits filed in California and Illinois state courts involved only

state law.[1] Rather, the court evaluated McCready's federal claims under Federal Rule of Civil Procedure 12(b)(6) and dismissed the FDCPA and FCRA claims but left intact McCready's EFTA claim. The district judge declined to exercise supplemental jurisdiction over McCready's state law claims, finding they raised novel issues of state law. He referred the case to a magistrate judge for disposition.

Before proceedings with the magistrate judge got under way, McCready filed with the district judge a motion to reconsider his ruling dismissing his federal claims and declining to exercise supplemental jurisdiction over his state law claims. The district judge denied this motion. Soon thereafter, McCready filed with the district judge a second motion to reconsider, arguing that the district judge had misunderstood the basis of his claims. The district judge denied this motion as well. Then the parties filed with the magistrate judge a stipulation to dismiss McCready's only remaining claim (under the EFTA) with prejudice. The magistrate judge obliged on May 12, 2005.

The fourth lawsuit, which gives rise to the fifth, was filed by McCready in the Western District of Michigan and involved an eBay transaction. McCready had threatened legal action against Bruce Kamminga because Kamminga sold a snowmobile to another buyer despite McCready having placed the highest bid. After McCready became aware that Kamminga had consulted with David McDuffee, a lawyer, McCready sued both of them, alleging violations of the FDCPA in addition to various state law claims.

The defendants moved to dismiss, and the matter was referred to a magistrate judge. The magistrate judge

---

[1] Because eBay prevails on other grounds, we need not consider whether the district court's decision was correct.

converted the motion to dismiss to a motion for summary judgment and recommended that the district judge grant relief to the defendants. The district judge did so by adopting the magistrate judge's recommendation. McCready appealed. Affirming in an unpublished order, the Sixth Circuit noted:

> McCready accomplished the following in his objections to the magistrate judge's report and recommendation: he repeatedly and inappropriately insulted the magistrate judge; he insisted on the accuracy of his factual and legal assertions; he characterized the defendants as liars; and he threatened the district court with promises to file for a writ of mandamus if his cause of action was dismissed. McCready, however, failed to address the merits of the substantive issues raised in his complaint, challenged in the defendants' motion to dismiss, and reviewed by the magistrate judge. Rather, McCready filed a rambling, 143-page objection to the magistrate judge's report and recommendation that contained numerous fundamental flaws in reasoning and analysis. McCready offered bold conclusions regarding facts and the law with little, if any support.

*McCready v. Kamminga*, 113 F.App'x. 47, 49 (6th Cir. 2004). What McCready failed to accomplish with his objections, the Sixth Circuit held, was to preserve any issues for appeal. *Id.* Notably, appended to the defendants' appellate brief was a subpoena, issued by the court below, directing eBay to produce documentation relating to McCready.

In the fifth lawsuit (the second case on appeal, No. 05-3043), McCready filed a two-count complaint again in the Central District of Illinois, naming Kamminga, McDuffee, and eBay as defendants. McCready alleged eBay's production of documents in compliance with the subpoena in the Michigan case violated Title I of the

Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2522 (the "ECPA"), and Title II of the ECPA, the Stored Communications Act, 18 U.S.C. §§ 2701-2712 (the "SCA"). On June 13, 2005, the district court dismissed McCready's claims under Rule 12(b)(6) and stated:

> [T]his court warned the parties that it would not allow this case to become trapped in a thicket of motions meant to harass adverse parties, increase the costs of the litigation, and cause vexatious delay. Nonetheless, between May 5 and May 18, 2005, McCready filed five motions. First, McCready filed a motion for default judgment and motion for entry of default against Kamminga [who was proceeding pro se] for filing an inartful answer to the complaint. Then on May 10, 2005, he filed a motion to strike McDuffee's answer to the complaint and find McDuffee in contempt. Also on May 10, 2005, McCready filed a motion to advance the filing date of a motion for sanctions against Kamminga, since Kamminga had filed an answer to McCready's proposed motion for sanctions. On May 12, 2005, McCready filed a motion to strike McDuffee's motion to dismiss, and on May 18, 2005, he filed the motion for sanctions against Kamminga, which rendered moot [his motion to advance the filing date].

> McCready appeals the dismissal of both cases filed in the Central District of Illinois (No. 05-2450 and No. 05-3043).

## II.  ANALYSIS

We review de novo a district court's granting of a motion to dismiss under Rule 12(b)(6). *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). "We construe the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in

his or her favor." *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005) (citation and quotations omitted). Dismissal is proper "only if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003)).

The defendants' argument incorrectly centers around substantive elements McCready "failed to aver." All McCready was required to do in his complaint was to provide a short and plain statement showing that he was entitled to relief, so as to put the defendants on notice of his claims and their basis. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

But "if the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." *Id.* (citations omitted). In other words, if a plaintiff pleads facts which show he has no claim, then he has pled himself out of court. *Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996). And so the proper inquiry is not what McCready did not allege, but what he did allege. *See Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (2006) (Any defendant "tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" (quoting *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original)).

*A.   No. 05-2450: McCready v. eBay, Inc.*

  *1.   McCready's Fair Debt Collection Practices Act
        ("FDCPA") Claim*

The FDCPA prevents debt collectors from using "any
false, deceptive, or misleading representation or means in
connection with the collection of any debt." 15 U.S.C.
§ 1692e. The FDCPA applies only to "debt collectors" whose
conduct involves the collection of a debt. *Neff v. Capital
Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir.
2003) (citing *Pettit v. Retrieval Masters Creditors Bureau,
Inc.*, 211 F.3d 1507, 1509 (7th Cir. 2000)). A "debt collector"
is defined by the FDCPA to be "any person who uses any
instrumentality of interstate commerce or the mails in any
business the principal purpose of which is the collection of
any debts, or who regularly collects or attempts to collect,
directly or indirectly, debts owed or due or asserted to be
owed or due another." 15 U.S.C. § 1692a(6).

McCready admits that eBay's principal purpose is not
to collect debts; rather McCready claims eBay falls under
the "second prong" of the FDCPA's definition of "debt
collector" because eBay "regularly attempts" to collect debts.
What matters is not which prong of the FDCPA applies, but
McCready's allegation that eBay suspended his account
until he "resolve" or "rectify" the fraud complaints outstand-
ing against him. To be a "debt collector" under the FDCPA
entails engaging in some affirmative conduct with regard to
collecting a debt, as evidenced by the statute's use of active
verbs. *See id*. McCready's allegations make clear that eBay
has remained passive and, at most, refused to act until he
resolves controversies with people independent of eBay,
without threatening to take collection action against
McCready should he not satisfy his customers. In no way
can this be construed as an effort by eBay to "collect" a debt.

*2. McCready's Fair Credit Reporting Act ("FCRA")
Claim*

McCready complains that eBay's "feedback profile" contains false and misleading comments made by other users of eBay, in violation of the FCRA. To come under the ambit of the FCRA, eBay must be a "consumer reporting agency," which is defined by the FCRA to be:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). McCready claims eBay's Feedback Forum is a "consumer report," defined by the FCRA to be:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under [this title].

15 U.S.C. § 1681a(d)(1). What is evident from McCready's 34 pages of allegations to support his FCRA "claim" is that eBay's Feedback Forum is not, for a variety of reasons, a "consumer report."

Suffice it to say, given the broad statutory purpose of preserving individuals' privacy, a "consumer" under

§ 1681a(d)(1) must, at minimum, be an identifiable person. *See* 15 U.S.C. § 1681(a)(4). Moreover, the FCRA applies only to "consumer reports" which are used for consumer purposes; "[i]t does not apply to reports utilized for business, commercial or professional purposes." *Ippolito v. WNS, Inc.*, 864 F.2d 440, 452 (7th Cir. 1988) (citations omitted) (emphasis removed).

eBay's Feedback Forum sorts information according to eBay users' self-anointed "usernames," which leaves intact their anonymity outside the eBay universe to the extent they desire to retain it. And it is clear that the Feedback Forum is used to inform eBay users' decision to buy from, or sell to, a particular user, an inherently commercial activity. Because the Feedback Forum cannot be considered a "consumer report," by extension eBay cannot be considered a "consumer reporting agency" within the FCRA. Nor does eBay exert any control over what is said in the Forum, which contains mere opinions of people not in eBay's employ.

### 3.   *McCready's Bankruptcy Claims*

McCready argues he alleged a rescission claim under §§ 521 and 524 of the Bankruptcy Code and, because eBay did not move to dismiss it, the court's dismissal was an improper sua sponte act. McCready asserts this claim lies in paragraphs 554-56 of his complaint, which reads as follows:

> 554. When plaintiff filed for bankruptcy court protection in April, 2002, eBay also immediately upon learning of that bankruptcy filing, closed his accounts.

> 555. When plaintiff agreed to pay eBay the fees he owed it then for commissions and listing fees (approximately $1300), eBay agreed to reinstate him to its good graces.

556. This payment and subsequent agreement with eBay constituted a non-conforming reaffirmation agreement which, according to the Bankruptcy Code, was required to have been reduced to a writing, signed by both parties and authorized by the [B]ankruptcy Court.

However, these paragraphs give no indication of any injury McCready suffered or remedy he sought. It is unclear whether he seeks to enforce or avoid the agreement, or to obtain reinstatement of his account or recovery of his $1300.

Although we construe complaints by pro se litigants liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), we must do so while keeping in mind the purpose of the federal pleading system is to provide notice of all claims, *see* Fed. R. Civ. P. 8; *see also Doe v. Smith*, 429 F.3d at 708 ("Usually [plaintiffs] need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of."). The context of McCready's allegations does not provide any clarification. The three paragraphs are buried in Count X, which is entitled "Breach of Contract" and consists of 22 pages (155 paragraphs) of gobbledygook. It is difficult enough to discern a freestanding federal claim nestled within an expansive state law count and with only a passing reference to the Bankruptcy Code, and considering the aforementioned deficiencies of his allegations, there is no basis upon which to give McCready the benefit of the doubt. Rather than provide notice of a claim, McCready did just the opposite by hiding it, and we conclude that McCready failed to state a claim for rescission.

### 4. *McCready's State Law Claims*

McCready's Illinois state law claims included the Illinois Consumer Fraud and Deceptive Business Practices Act; tortious interference with prospective economic advantage; breach of contract; invasion of privacy; bad faith insurance claim denial; conversion; fraud; and civil conspiracy. After dismissing all but one of McCready's federal claims, the district court, citing 28 U.S.C. § 1367(c)(1), declined to exercise supplemental jurisdiction over McCready's state law claims, concluding they raised novel issues which were better left to the Illinois courts to resolve.

In his motion to reconsider, McCready claimed to have alleged in his complaint diversity jurisdiction over his state law claims. The district court disagreed and noted that the time had passed for McCready to amend his complaint. On appeal, McCready argues diversity jurisdiction exists and that he should be permitted to amend his complaint to cure any defect. He also contends he never sought supplemental jurisdiction over his state law claims.

Rule 8(a)(1) only requires "a short and plain statement" of the jurisdictional basis, which, however "must be alleged affirmatively and distinctly and cannot be established 'argumentatively or by mere inference.'" 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1206 (3d ed. 2004) (quoting *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 218 (1904)). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). McCready's complaint does not mention eBay's principal place of business; therefore he did not allege complete diversity. *See* 28 U.S.C. § 1332(c); *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir.

1985) ("[T]he plaintiff must allege both the state of incorporation and the state of the principal place of business for each corporation.") (citation omitted).

When diversity jurisdiction is not properly alleged, typically we would allow a plaintiff to amend his complaint to cure the deficiency or to supplement his brief to provide clarification. *See* 28 U.S.C. § 1653; *see also McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 426 (7th Cir. 2005); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *F & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989); *Stockman v. LaCroix*, 790 F.2d 584, 587 (7th Cir. 1986). Nevertheless, this is not a typical case and no good purpose would be served by allowing the action to continue. In this rare instance we decline to allow McCready to amend his pleadings. McCready, however, could take his state law claims to state court, subject to eBay's res judicata defense and any sanctions the Illinois courts wish to levy.

### B. No. 05-3043: McCready v. eBay, Inc., Kamminga, and McDuffee

In the second case, No. 05-3043, McCready alleged that McDuffee, acting as Kamminga's lawyer, served eBay with a "phony" subpoena. eBay complied with the subpoena and gave McDuffee printouts of electronic communications involving McCready. McCready claims he did not become aware of the subpoena until his appeal to the Sixth Circuit and that these events violated the ECPA and SCA.

At the 12(b)(6) stage, we typically would be confined to McCready's complaint, which did not contain the subpoena. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). But Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." From this rule, we have

concluded "'documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.'" *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)); *see Cont'l Gas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 731 n.3 (7th Cir. 2005) ("'[T]his rule includes a limited class of attachments to Rule 12(b)(6) motions' that are 'central to the plaintiff's claim.'") (quoting *Rosenblum*, 299 F.3d at 661). We are "'not bound to accept [McCready's] allegations as to the effect of the [subpoena], but can independently examine the document and form [our] own conclusions as to the proper construction and meaning to be given the material.'" *Rosenblum*, 299 F.3d at 661 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 at 766 (2d ed. 1990)). The heart of McCready's lawsuit is based upon the subpoena, to which he made repeated reference in his complaint. The subpoena was included by the defense in its motion to dismiss, and there is no factual dispute as to its contents. Thus, we may look at the subpoena without converting the motion to dismiss into a motion for summary judgment.[2]

Good faith reliance on a subpoena is a complete defense to actions brought under the ECPA and SCA. 18 U.S.C. §§ 2520(d)(1), 2707(e). McCready alleges that eBay's compliance with the subpoena was not in good faith, but

---

[2] Although it is incorrect to grant a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense, resolution is appropriate here as a judgment on the pleadings under Rule 12(c). Because the substantive issue involves the defendants' good faith, which may be shown with a facially valid subpoena, more evidence could not have made a difference. *See Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); *Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 514 7th Cir. (1999) (citing *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500 (7th Cir. 1999)).

a look at the subpoena shows otherwise. The subpoena was issued by a federal district court and included the title of the action and the cause number. The subpoena also quoted the entirety of Rule 45(c) and (d), which details the rights and duties of those subject to respond to a subpoena. eBay received the subpoena by mail, which is not improper. Nothing else gives any indication of irregularity sufficient to put eBay on notice that the subpoena was "phony." Therefore there is no indication that eBay acted in any fashion other than good faith, so that its compliance falls squarely within the statutory defense.[3] It is apparent, as well, that McDuffee and Kamminga acted in good faith. The subpoena was issued by a federal district court on behalf of a defendant in a pending lawsuit, seeking information about a party opponent which related to the case.

## C.   McCready's Abuse of Process

McCready has abused the judicial process with frivolous litigation. The result has been the harassment of opposing parties, insult to judicial officers, and waste of limited and valuable judicial resources. Not only have McCready's actions on eBay resulted in the filing of five frivolous lawsuits, but our review of the dockets of the district courts in this circuit reveal McCready has engaged in a pattern of similar behavior against other innocent defendants.

In exercising our inherent power, we do so in a way that is tailored to the abuse. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Support Sys., Int'l. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam) (citations omitted). When dealing with a frivolous litigator who, despite due warning or the imposition of sanctions, continues to waste

---

[3]  This means that we need not decide whether eBay is covered by the ECPA and SCA in the first place.

judicial resources, we impose a filing bar preventing the litigant from filing in this court or any federal court in this circuit. *See Mack*, 45 F.3d at 186. Usually such an order is tied to a monetary incentive— such as the payment of outstanding filing fees, the imposition of a fine, or both. *See, e.g., Montgomery v. Davis*, 362 F.3d 956 (7th Cir. 2004). But the satisfaction of an outstanding monetary obligation to this court will not necessarily cause the bar to be lifted when a minimum time period is imposed. *See Mack*, 45 F.3d at 186 (allowing petition for reinstatement to be filed after two years from entry of order).

McCready is hereby ordered to show cause within 30 days why he should not be required to pay $2,500 to this court's clerk. Should McCready fail to respond or merely attempt to reargue his case, then the $2,500 sanction will be imposed and McCready will be barred from filing, with appropriate exceptions, any paper in all federal courts in this circuit for no less than two years.

### III.  CONCLUSION

For the foregoing reasons, the district courts were correct to grant the defendants' motions to dismiss, and their judgments are AFFIRMED. Moreover, we order McCready to show cause within 30 days why he should not be sanctioned for his abuse of process.

A true Copy:

      Teste:

                      _____
                      *Clerk of the United States Court of*
                      *Appeals for the Seventh Circuit*