NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2007[*]
Decided May 3, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-4363

| | |
|---|---|
| JARVIS PETERSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 C 7685 |
| EUROMARK DESIGNS, INC., d.b.a. CRATE AND BARREL, *Defendant-Appellee.* | James B. Zagel, *Judge.* |

## O R D E R

Jarvis Peterson, a former corporate driver for Crate and Barrel, filed suit under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 - 634 ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Illinois Workers' Compensation Act, 820 ILCS 305/1 ("IWCA"), claiming that he was denied transfers to various positions because of both his age and gender, and that he was fired in retaliation for seeking workers' compensation. The district court

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

granted summary judgment for Crate and Barrel because the undisputed evidence establishes that the positions Peterson sought did not even exist and that he was terminated for insubordination. Peterson appeals and we affirm.

Peterson held the position of corporate driver for the seven years he worked at Crate and Barrel, from the time he was 62 until he was 69 years old. His duties consisted of chauffeuring high-level executives, including the CEO, between corporate headquarters and airports or train stations. During his tenure Peterson filed two workers' compensation claims that were both paid in full. Two months after filing the second claim, Peterson was fired.

He subsequently brought this lawsuit, and Crate and Barrel moved for summary judgment. The company submitted human-resources records and numerous affidavits demonstrating that the positions Peterson allegedly sought never existed, that he failed to express interest in a transfer in any event, and that he was terminated because he disparaged the CEO in front of several people (including the CEO himself) both inside and outside of the company. The district court deemed admitted the evidence Crate and Barrel tendered because Peterson failed wholesale to comply with Local Rule 56.1. *See* N.D. Ill. Local R. 56.1(b)*; Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). After the court expressly noted that it had liberally construed Peterson's submissions, which consisted mostly of complaints he had sent to human-resources personnel throughout his employment, the court found no evidence to support his claims or undermine the company's explanations.

We review the grant of summary judgment *de novo. Rudin v. Lincoln Land Cmty. Coll.,* 420 F.3d 712, 719 (7th Cir. 2005). ADEA and Title VII claims can be established under either the direct or indirect methods of proof. *See Raymond v. Ameritech Corp.,* 442 F.3d 600, 610 (7th Cir. 2006). To establish an IWCA claim, according to Illinois law, a plaintiff must show that he exercised a right granted by the Workers' Compensation Act and that he was discharged from his employment with a causal connection to his exercise of that right. *See Carter v. Tennant Co.,* 383 F.3d 673, 677 (7th Cir. 2004) (citing *Kritzen v. Fender Corp.,* 589 N.E.2d 909, 915 (Ill. 1992)). "The element of causation is not met if the employer has a valid basis, which is not pretextual, for discharging the employee." *Hartlein v. Ill. Power Co.,* 601 N.E.2d 720, 728 (Ill. 1992). Although the Supreme Court of Illinois has rejected the application of the indirect method to Illinois retaliatory discharge cases, *see Clemons v. Mech. Devices Co.,* 704 N.E.2d 403, 407-08 (1998), we have said plaintiffs can also use the indirect method to establish an IWCA claim. *See Bourbon v. Kmart Corp.,* 223 F.3d 469, 473 (7th Cir. 2000).

On appeal, Peterson's brief barely complies with Fed. R. App. P. 28(a)(9)(A). He fails to even discuss his ADEA and Title VII claims, and thus we have no basis

to overturn the district court's decision as to those theories. *See Ajayi v. Aramark Bus. Servs., Inc.,* 336 F.3d 520, 529 (7th Cir. 2003) (explaining that appellant waives any claim of error concerning aspects of the district court's decision that are not challenged in his brief on appeal). As to his IWCA claim, we understand him to contend that the district court erred in denying it because, according to Peterson, Crate and Barrel's purported reason for terminating him—his insubordination—was pretextual. *See McCready v. EBay, Inc.,* 453 F.3d 882, 890 (7th Cir. 2006) (explaining that we liberally construe *pro se* filings). But we must accept the version of events set forth in the company's statement of material facts because Peterson does not contest the district court's decision to enforce compliance with Local Rule 56.1 by deeming that statement admitted. *See Ajayi,* 336 F.3d at 529. And our only concern in reviewing an employer's reasons for termination is the "honesty of the employer's beliefs," *Forrester v. Rauland-Borg Corp.,* 453 F.3d 416, 419 (7th Cir. 2006), which here is not undermined by the materials that Peterson points to. For example, he directs our attention to his right-to-sue letter and the company's employee pay scales, neither of which speaks to whether the company honestly believed Peterson had been insubordinate. In any event, we need not reach the question of pretext unless Peterson, at a minimum, establishes a prima facie case of retaliation, *see Clemons,* 704 N.E.2d at 407-08; *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507-08 (1993), which Peterson has failed to do.

Accordingly, the judgment is AFFIRMED.