NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2007[*]
Decided January 9, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3542

| | |
|---|---|
| JAMES HOSKINS,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>CITY OF MILWAUKEE, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 03-C-0334<br><br>Charles N. Clevert, Jr.,<br>*Judge.* |

**O R D E R**

James Hoskins sued the City of Milwaukee and four of its police officers (collectively "the City") under 42 U.S.C. § 1983 claiming that they violated various constitutional provisions when they arrested him while investigating a domestic violence call by his then girlfriend, Theresa Turner. The district court granted summary judgment for the City, and we affirm.

On appeal Hoskins first contends that he was prejudiced in responding to the motion for summary judgment because the City improperly withheld discovery

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

materials. *See* FED. R. CIV. P. 56(f). Curiously, the district court accepted Hoskins's assertion that Officers Clark and Phillips did not answer his interrogatories and the City concedes the point on appeal. We say curiously because our review of the record shows that Officer Clark *did* timely answer Hoskins's interrogatories. In any event, we may not address this argument on appeal because Hoskins never raised it in the district court. *Omega Healthcare Investors, Inc. v. Res-Care, Inc.*, 475 F.3d 853, 858-59 (7th Cir. 2007). Even if he had properly raised the argument, the district court would have been correct to deny any request for further discovery because Hoskins never explained what extra information he hoped to obtain from the interrogatory answers he sought or why not having that information actually prejudiced him. *See Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005).

The only discovery issue available for review is the district court's denial of Hoskins's motion for sanctions against the defendants who he claimed had not answered his interrogatories. The district court refused to impose sanctions, finding that any answers by Officers Clark and Phillips would be irrelevant because the undisputed evidence showed that they were not involved in the investigation or arrest of Hoskins. Because we agree with that analysis, the district court's refusal to order sanctions was not an abuse of discretion. *Muzikowski v. Paramount Pictures Corp.,* 477 F.3d 899, 908-09 (7th Cir. 2007).

The remainder of Hoskins's brief presents a rehashing of his understanding of the facts surrounding his constitutional claims interspersed with citations to a few cases that are marginally relevant. Mindful of our duty to liberally construe pro se filings, *see McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006), we read Hoskins's brief as contesting the district court's legal conclusions under the Fourth Amendment and the Equal Protection Clause. Our de novo review of the district court's legal conclusions, *Belcher v. Norton*, 497 F.3d 742, 747 (7th Cir. 2007), however, does not reveal any error.

We understand Hoskins's challenge to the district court's Fourth Amendment holding to be that because Turner's statements to the police accusing him of attacking her were untrue, the police lacked probable cause to arrest him. But he does not dispute that Turner made those statements to the police or that her body showed evidence of a physical altercation. Thus, the district court was correct that there was no factual dispute about whether the police had probable cause to arrest Hoskins. *See Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) ("[W]e have consistently held that an identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause.").

Hoskins's claim of gender discrimination under the Equal Protection Clause also fails because he has not identified a similarly situated female who was treated differently. *See Sides v. City of Champaign,* 496 F.3d 820,

827 (7th Cir. 2007). Turner is the closest such individual, but she is hardly similarly situated. She called the police, cooperated with them, told them Hoskins struck her, and admitted that she scratched him in self-defense. Hoskins was uncooperative and did not allege that Turner was the aggressor until after his arrest. *Cf. id.* Thus, the district court correctly concluded that no defendant violated the Equal Protection Clause during the investigation and arrest of Hoskins.

AFFIRMED.