**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2008[*]
Decided May 22, 2008

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-2287

| | |
|---|---|
| JOE LOUIS LAWRENCE,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>INTERSTATE BRANDS, et al.,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 07 C 1191<br><br>Matthew F. Kennelly,<br>*Judge*. |

**O R D E R**

Joe Louis Lawrence sued the City of Chicago along with two of his former employers, Interstate Brands Corporation/Wonderbread (IBC) and the Chicago Transit Authority (CTA), for $350 million, alleging a variety of wrongs that he styles as civil rights

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

violations and conspiracies. Because Lawrence asked to proceed in forma pauperis, the district court screened his complaint and then dismissed it as legally deficient under 28 U.S.C. § 1915(e). On appeal, Lawrence contests the district court's dismissal of his case, and we affirm.

We construe pro se complaints liberally, *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006), and we review dismissals under § 1915(e) de novo, *DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). According to Lawrence's complaint, IBC and its lawyers deprived him of his civil rights and conspired against him in an employment discrimination suit that he brought against IBC five years ago. Lawrence's earlier discrimination suit was dismissed in the district court because he improperly attempted, as a pro se litigant, to represent a class of 16 other IBC employees; it was dismissed on appeal for lack of prosecution. The district court concluded that the current claim was an impermissible "collateral attack" on the previous judgment, but the court in Lawrence's first suit never entered a final merits judgment on his original employment discrimination claim, a prerequisite for res judicata. *See Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). We nevertheless affirm the district court's judgment dismissing this claim because it is patently frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (explaining that dismissal for frivolousness is appropriate when facts alleged rise to "level of the irrational or the wholly incredible"); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (holding that suit may be dismissed where facts alleged in complaint are "so nutty ('delusional' is the polite word) that they're unbelievable"). Lawrence's allegations—that the Illinois legal system is controlled by the Ku Klux Klan and that a vast network composed of lawyers, judges, and his former employers have conspired over the past 20 years to deny him equal protection of the laws, harass him on the basis of his race, and defraud him—are frivolous by this standard. *See Gladney*, 302 F.3d at 774.

Lawrence also attempts to revive past litigation by collaterally attacking two state-court judgments. He claims that IBC and the CTA conspired with his former girlfriend, a Chicago police officer, to bring a twenty-year-old paternity suit against him even though he maintains that he is not the father of her child. He also contends that IBC and several government attorneys falsified papers filed in a child support proceeding, resulting in an unfair judgment against him. But, as the district court correctly observed, the *Rooker-Feldman* doctrine bars these claims because the injuries Lawrence alleges stem directly from state-court judgments. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust. Co.*, 263 U.S. 413, 416 (1923); *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007).

Lawrence next alleges that the Illinois Attorney Registration and Disciplinary Commission (ARDC) violated 42 U.S.C. § 1983 when it declined to act on Lawrence's demand that it discipline IBC's lawyers and several government attorneys. As an initial

matter, the ARDC is not even a party to this litigation.  But even if Lawrence had named the ARDC as a party, we would have no jurisdiction to consider this claim. Federal-question jurisdiction exists when a plaintiff's right to relief is created by, or depends on, a federal statute or constitutional provision.  *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003).  Only the Supreme Court of Illinois has the power to discipline attorneys admitted to the Illinois bar, s*ee Ford Motor Credit Co. v. Sperry*, 827 N.E.2d 422, 429 (Ill. 2005), and that court has delegated the task of investigating and prosecuting claims of attorney misconduct to the ARDC, s*ee Skolnick v. Altheimer & Gray*, 730 N.E.2d 4, 15 (Ill. 2000).  Because Lawrence has no federal constitutional right to a particular outcome in a proceeding before the ARDC, his invocation of section 1983 is frivolous and insufficient to establish federal-question jurisdiction.  *See In re African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006).

Lawrence also contends that, as part of their conspiracy against him, the defendants intimidated and harassed two labor unions; that intimidation, Lawrence says, worked to discriminate against him by preventing his job reinstatement at the CTA.  But Lawrence admits that he has not worked for the CTA since 1990, and so any potential employment discrimination claims he might have against the CTA are time-barred.  *See* 42 U.S.C. § 1981; 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Brown v. Ill. Dep't of Natural Res.*, 499 F.3d 675, 681 (7th Cir. 2007); *Pruitt v. City of Chicago*, 472 F.3d 925, 927 (7th Cir. 2006).  This count of Lawrence's complaint also cites 42 U.S.C. § 1983 and § 1985, but any claim under those statutes is time-barred as well.  *See Jenkins v. Maywood*, 506 F.3d 622, 623 (7th Cir. 2007); *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001).  Reading Lawrence's complaint as liberally as possible, we must conclude that he has not stated a claim against any of the defendants.  We therefore AFFIRM the judgment of the district court.

Finally, Lawrence has filed two motions seeking sanctions.  We have considered his arguments and DENY the motions.

AFFIRMED.