NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 2, 2012[*]
Decided May 3, 2012

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3481

| | |
|---|---|
| JOE LOUIS LAWRENCE, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11-cv-6887 |
| SECRETARY OF STATE, et al., <br> *Defendants-Appellees.* | John W. Darrah, *Judge.* |

**O R D E R**

In 1987 the State of Illinois ordered Joe Lawrence to pay child support. He did not comply, and consequently the state revoked his driver's license. He appealed the revocation to the Secretary of State, but his appeal was denied. Lawrence also unsuccessfully sued his former employers, International Brands Corporation and the Chicago Transit Authority, in state and federal court for embezzlement and theft.

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and record. *See* FED. R. APP. P. 34(a)(2)(c).

Lawrence filed this suit pro se in federal court alleging that the child support order, the driver's-license revocation, and the dismissal of his civil suit, were all caused by a broad conspiracy of Illinois state officials, and that their actions had violated his civil rights. He also moved to proceed *in forma pauperis*. The district court dismissed the complaint for failure to state a claim and denied Lawrence's *in forma pauperis* application. The court also added that the complaint is too "rambling and confusing" to give the defendants notice of Lawrence's claims under Rule 8(a)(2) of the Federal Rules of Civil Procedure. Lawrence moved to disqualify the district judge because of bias, but the court dismissed the motion as moot because the case had already been dismissed.

On appeal Lawrence argues that the district court ignored his evidence and the law when it dismissed the complaint. He also maintains that the district judge was part of the conspiracy against him.

We review de novo complaints dismissed because they fail to state a claim and comply with Rule 8(a). *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2011) (failure to state a claim); *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (Rule 8). The district court properly dismissed this action. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that defendants have fair notice of the claims against them and the grounds supporting those claims. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Several of the defendants Lawrence has named are barely mentioned in his complaint, and he never explains why he believes they violated his civil rights; two defendants, Kent S. Ray and the Amalgamated Transit Union, are not mentioned at all. Even after we indulge in the liberal construction that pro se complaints deserve, Lawrence's complaint is unintelligible. It exhibits "the lack of organization and basic coherence [that] renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Stanard*, 658 F.3d at 798. With nothing else in the complaint to state a claim, we find no error in the district court's dismissal.

Lawrence has a habit of filing frivolous lawsuits. In 2003 he attempted to bring a class action *pro se*, which was dismissed, because *pro se* plaintiffs cannot represent others. *Lawrence v. Interstate Brands Corp.*, No. 03 C 3754 (N.D. Ill. Aug. 8, 2003). He appealed, and we dismissed his appeal after he ignored our repeated orders to file an opening brief. *Lawrence v. Interstate Brands Corp.*, No. 03-3359 (7th Cir. May 5, 2004). In 2008 we reviewed the dismissal of his complaint against Interstate Brands Corporation, the Chicago Transit Authority, and the Illinois Attorney Registration and Disciplinary Commission and affirmed after concluding that his suit was "patently frivolous." *See Lawrence v. Interstate Brands Corp.*, 278 F. App'x 681 (7th Cir. May 28, 2008). Most recently, in 2011 he filed a case in state court, then filed a "notice of removal" in federal court purporting to remove the case from state jurisdiction. *Lawrence v. Sec'y of State*, No. 11-cv-05142 (N.D. Ill. Sept. 27, 2011).

The case was dismissed, since a plaintiff cannot remove his own case. *See* 28 U.S.C. § 1441(a). We warn Lawrence that any further frivolous litigation may subject him to monetary fines and a filing bar. *See Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED.