**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2022[*]
Decided June 13, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-3042

| | |
|---|---|
| MARTIN J. ZIELINSKI, <br>     *Plaintiff-Appellant,* <br><br> *v.* <br><br> WISCONSIN LABOR AND INDUSTRY <br> REVIEW COMMISSION, et al., <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 17-cv-471 <br><br> Lynn Adelman, <br> *Judge.* |

**O R D E R**

Martin Zielinski appeals from the denial of various motions he filed in the district court several years after the court entered judgment against him. The district

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

judge determined that these motions were frivolous and vexatious, and he imposed a filing bar on Zielinski. We affirm.

This appeal arises out of a federal suit that Zielinski filed in 2017 in connection with a worker's compensation settlement adjudicated in Wisconsin's state courts. The district judge dismissed several of Zielinski's claims on jurisdictional grounds and others for failure to state a claim. After Zielinski's attempt to amend his complaint failed to address the identified deficiencies, the judge—in December 2017—dismissed the complaint and entered a final judgment. Zielinski did not appeal. Instead, he peppered the court with wide-ranging motions and filings that the judge rejected in April 2018, May 2018, and March 2021, respectively, because Zielinski provided "no reason to relieve him from the final judgment or to reopen the case."

In April 2021, Zielinski filed three more motions seeking to add civil rights claims, new parties, and "past filings" to the lawsuit. Several defendants opposed the motions as frivolous and baseless and requested sanctions against Zielinski.

The judge denied Zielinski's motions and barred him from further filing in the case. See *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). The judge explained that even if Zielinski's motions were construed as an attempt to amend his complaint, any postjudgment amendment presupposed that a motion under Federal Rule of Civil Procedure 59(e) or 60(b) had first been granted—which was not the case here. The judge then granted the defendants' motions for sanctions because Zielinski hadn't responded to the motions and, even if he had, he continued to inundate the docket with frivolous filings that burdened both the defendants and the court.

On appeal Zielinski asserts that the judge erred by denying him an opportunity to add claims, join new parties, and submit evidence that had been excluded from the state courts' proceedings. But after entry of a final judgment, district courts may not permit amendment unless the judgment is set aside under Rule 59 or 60. See *Vesely v. Armslist LLC*, 762 F.3d 661, 666–67 (7th Cir. 2014). And Zielinski has failed multiple times to have the judgment set aside.

Zielinski also challenges the filing bar as unconstitutional. But he waived this challenge by not responding to the defendants' motions for sanctions. See *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017). Waiver aside, the judge acted well within his discretion to impose the filing restriction. Courts have the inherent authority to curb abusive and frivolous litigation by imposing filing restrictions that—as here—

are tailored to the abuse. See *In re Anderson*, 511 U.S. 364, 365-66 (1994); *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006); *Mack*, 45 F.3d at 186.

We have reviewed Zielinski's remaining arguments and none has merit.

AFFIRMED