In the

# United States Court of Appeals
### For the Seventh Circuit

No. 09-1487

H. MICHAEL STANARD, individually and
d/b/a One Zero Charlie Productions and
Galt Festivals, et al.,

*Plaintiffs-Appellants,*

*v.*

KEITH NYGREN, individually and as Sheriff
of McHenry County, Illinois, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 07 C 50132—**Frederick J. Kapala**, *Judge.*

ARGUED OCTOBER 28, 2010—DECIDED SEPTEMBER 19, 2011

Before MANION, ROVNER, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Michael Stanard built an outdoor stage on his property in rural McHenry County, Illinois, and began hosting events there. He claims that Keith Nygren, the Sheriff of McHenry County, forced him to hire off-duty deputies as a private security force for

these events and threatened to close the road leading to his property if he did not comply. Stanard sued Nygren, 22 of his deputies, and McHenry County, alleging a conspiracy to violate his rights, but his attorney Walter Maksym proved unable to file an intelligible complaint. After giving Maksym three tries at producing a complaint that complied with Rules 8 and 10(b) of the Federal Rules of Civil Procedure, the district court dismissed the case with prejudice. On Stanard's behalf Maksym brought this appeal, insisting that the second amended complaint satisfied the rules, and even if it did not, the district court should have given him yet another chance to replead.

We affirm. The district court was well within its discretion to reject the second amended complaint and dismiss the case with prejudice. Each iteration of the complaint was generally incomprehensible and riddled with errors, making it impossible for the defendants to know what wrongs they were accused of committing. Maksym's persistent failure to comply with basic directions from the court and his open defiance of court orders amply justified the judge's decision to dismiss with prejudice. Moreover, like his pleadings in the district court, Maksym's appellate briefing is woefully deficient, raising serious concerns about his competence to practice before this court. Accordingly, we order Maksym to show cause why he should not be suspended from the bar of this court or otherwise disciplined under Rule 46 of the Federal Rules of Appellate Procedure. Finally, we direct the clerk to send a copy of this opinion to the Illinois Attorney Registration and Disciplinary Commission.

## I. Background

We describe the facts only briefly and as best we can decipher them from the second amended complaint and Stanard's appellate briefs. The procedural history of the case is also important to the resolution of the issues on appeal.

The plaintiffs are H. Michael Stanard, his wife Joeleen, and their company One Zero Charlie Productions.[1] They constructed an open-air amphitheater on their property in rural McHenry County and began staging public events there. Stanard claims that Sheriff Nygren compelled him to hire off-duty sheriff's deputies at inflated rates as private security for these events. To coerce Stanard into accepting, Nygren threatened to close the road leading to Stanard's property. This went on for a number of years; Stanard claims he was afraid to disobey Nygren. He also claims that Nygren engaged in this course of conduct against other residents of McHenry County. Finally, Stanard alleges that Nygren's deputies menaced the spectators who attended the events on Stanard's property and otherwise created an intimidating environment.

Stanard, by his counsel Walter Maksym, sued Nygren in his individual and official capacities, along with 22 deputies, McHenry County, and unknown additional

---

[1] We refer to them collectively as "Stanard."

defendants.[2] The original complaint was 52 pages long and purported to assert 28 counts, including civil RICO claims, §§ 1983 and 1985 claims, and various state-law claims. Each claim targeted "the defendants" as a group; the complaint did not specify which individual defendants were alleged to be liable on each claim. The complaint also included a number of obviously frivolous claims; for example, a violation of the Hobbs Act (a criminal statute that does not provide a private right of action), something called a "direct action under [the] U.S. Constitution," and a generic "federal class action."

The defendants moved for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. Stanard was ordered to either respond or file a notice saying that he declined to do so. Maksym ignored the motion and order. Nevertheless, a magistrate judge denied Rule 12(e) relief. Nygren then moved to dismiss the official-capacity claims. Maksym continued to disregard deadlines. Stanard's response to Nygren's motion was due in October 2007, but Maksym failed to respond. Three months later, the court, on its own motion, extended this deadline to February 11, but again Maksym failed to respond by that date. On February 19 he finally filed a response to Nygren's motion.

In the meantime, the defendants jointly moved to dismiss the rest of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court set a

---

[2] All the defendants are represented by counsel from the McHenry County State's Attorney's office.

January 11, 2008 deadline for Stanard to respond. Maksym missed this deadline, too. On January 23, nearly two weeks after the deadline to respond had expired, Maksym asked for an extension of time. The court granted this request and extended the deadline to March 18.[3] On June 18, three months after the extended deadline, the district court extended the deadline *again* and ordered a response by July 2. The court's June 18 order warned Maksym that if he failed to timely respond, Stanard's case would be dismissed for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. Maksym filed his response on July 2.

The district court granted the motions to dismiss. The court dismissed the frivolous claims mentioned above (the Hobbs Act claim, the "direct action under [the] U.S. Constitution," and the "federal class action") with prejudice.[4] The court held that the rest of the complaint suffered from serious deficiencies under Rules 8(a)(2) (requiring a "short and plain statement" of the claims), 8(d)(1) (requiring pleading to be "simple, concise, and direct"), and 10(b) (requiring claims to be set forth in separate paragraphs and limited to single sets of circumstances "as far as practicable"). The court dismissed

---

[3] The district court indicated that Maksym sought this extension of time for "personal reasons." In Stanard's reply brief in this court, Maksym asserts that he needed more time because of hip-replacement surgery and a recent cancer diagnosis.

[4] Stanard does not challenge the dismissal of these claims.

the remaining 25 claims without prejudice and gave Maksym until September 30, 2008, to cure the complaint's deficiencies. Helpfully, the court included a list of errors that needed to be fixed.

At *10:34 p.m.* on September 30, Maksym moved for an extension of time to file his amended complaint. The stated basis for this motion was that Maksym's computer was damaged in an earthquake while he was in California sitting for that state's bar exam *in late July.*[5] Over the defendants' objection, the court granted the motion and set a new due date of October 22 at 5 p.m. At *4:59 p.m.* on October 22, Maksym filed a motion for leave to file his amended complaint; the amended complaint itself was not filed until 7:01 p.m. that day. His attempt to cure the deficiencies in the original complaint was haphazard at best. Some of the counts were completely unchanged, and many of the specific concerns raised by the district court were not adequately addressed. The court denied leave to file the amended complaint. Rather than dismissing the case with prejudice, however, the court gave Maksym one more opportunity to submit a proper complaint, setting a deadline of October 31 at 5 p.m.

---

[5] The motion recounted Maksym's strenuous efforts to get the computer fixed. He said he visited Apple "Genius" teams in both Los Angeles and Chicago and took the computer to a "Macspecialist." Though these efforts eventually resolved the immediate problem, he claimed that intermittent data losses persisted. Maksym also alleged that he was suffering from bilateral carpal tunnel syndrome, severe back and hip pain, and a serious infection.

On October 31, at 4:41 p.m., Maksym filed another motion for leave to amend, along with a second amended complaint inexplicably titled "First Amended Complaint." Again, few of the many errors in the earlier complaints were fixed. The district court rejected Maksym's latest effort, outlining at length the many pleading defects in the second amended complaint. To illustrate its basic incoherence, the court quoted verbatim from a number of its paragraphs, including one that contained a staggering and incomprehensible 345-word sentence. The court also took note of the "grammatical and spelling errors" throughout the complaint, which it said were "too numerous to add '[sic]' where required." Noting that the purpose of Rules 8 and 10 is to provide "'fair notice' of the claims and the grounds upon which the claims rest," the court held that the second amended complaint was "so poorly drafted and obviously not in compliance with" the rules of pleading that the defendants were left to "guess which actions apply to each claim." Rather than give Maksym yet another opportunity to replead, by this time the court had had enough:

> Based on the lack of diligence, including a pattern of waiting until the last minute (sometimes literally) to file their motions to amend with non-compl[ia]nt proposed amended complaints attached, the failure to comply with this court's previous orders, and this court's explicit warning of the consequences for doing so, plaintiffs will not be afforded another opportunity to replead.

Accordingly, the court dismissed the federal claims with prejudice and relinquished jurisdiction over the supplemental state-law claims.

Maksym's inability to articulate a "short and plain statement" of his clients' claims for relief did not end in the district court, nor did he improve his approach to court-ordered deadlines and following simple directions once the case reached this court. Maksym sought and received no fewer than three extensions of time to file his opening brief on appeal.[6] Along the way we admonished him for filing his extension motions late and failing to comply with Circuit Rule 26, which requires specificity in motions to extend time. Even with three extensions, Maksym was unable to file his brief on time. Instead, he filed his opening brief four days *after* the third extended deadline came and went, including with it an instanter motion seeking leave to file the brief late. Maksym claimed in the motion that he had mailed the brief to the defendants on the due date (he included FedEx receipts), but said he encountered some duplication problems that prevented him from timely filing the brief with the court. Over the defendants' objection, we accepted the late brief. We later ordered it stricken for failure to contain a jurisdictional statement that complies with Rule 28(a)(4)(C) of the Federal Rules of Appellate Procedure. Maksym subsequently submitted a corrected brief.

---

[6] Each of these extensions was requested based on some combination of health issues, computer troubles, and pressing deadlines in other cases.

## II. Discussion

Stanard argues that the district court should not have rejected his second amended complaint, or at least should have dismissed without prejudice and with leave to replead. The parties initially disagree about the standard of review. Stanard argues that because the district court dismissed the proposed amended complaint, our review is de novo. *See Palka v. Shelton*, 623 F.3d 447, 451 (7th Cir. 2010) (An order dismissing a complaint is reviewed de novo.). The defendants maintain, however, that the standard of review is abuse of discretion because the district court denied leave to file the second amended complaint because it failed to comply with Rules 8 and 10. *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001).

The defendants are correct. This case comes to us as an appeal from the district court's order denying leave to file the second amended complaint because it failed to comply with Rules 8 and 10. Stanard has not challenged the dismissal of the original complaint for failure to state a claim under Rule 12(b)(6); he challenges only the denial of his motion for leave to file the second amended complaint, as well as the district court's decision to dismiss with prejudice. Leave to amend in this situation is discretionary, *see* FED. R. CIV. P. 15(a)(2), and the court may reject a proffered amended complaint if it fails to comply with basic pleading rules. "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to

the defendants, or where the amendment would be futile." *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1217 (3d ed. 2004) ("In the exercise of their discretion and in order to promote judicial economy, courts often will use a motion directed at the form of a pleading (or a motion to dismiss under Rule 12(b)(6)) as a vehicle for considering" whether Rule 8's requirements are satisfied). We will not reverse a decision denying leave to amend unless the court has abused its discretion. *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009) (decision denying leave to replead reviewed for abuse of discretion); *Davis,* 269 F.3d at 820 (Abuse of discretion is "the normal standard applied to decisions relating to the management of litigation, and the one by which dismissals for violation of Rule 8 are reviewed.").

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1). Rule 10 requires the pleader to state his claims in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and also requires that "each claim founded on a separate trans-action or occurrence" be "stated in a separate count" if "doing so would promote clarity." *Id.* 10(b). The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims. *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d

614, 618 (7th Cir. 2007) (Rule 8(a)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading requirements also "frame[ ] the issue[s] and provide the basis for informed pretrial proceedings." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000) (discussing Rule 10(b)); *see also Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 367 (11th Cir. 1996) (same).

Two themes emerge from our cases applying Rules 8 and 10. First, undue length alone ordinarily does not justify the dismissal of an otherwise valid complaint. Where a complaint does not comply with Rule 8's mandate of "a short and plain statement of the claim" but nevertheless puts the defendant on notice of the plaintiff's claims, dismissal is inappropriate "merely because of the presence of superfluous matter." *Davis*, 269 F.3d at 820. *Davis* held that "[i]f the [trial] court understood the allegations sufficiently to determine that they could state a claim for relief, the complaint has satisfied Rule 8," and dismissal based on the inclusion of superfluous material is inappropriate. *Id.* at 820-21 (quotation marks omitted); *see also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Prolixity is a bane of the legal profession but a poor ground for rejecting potentially meritorious claims. Fat in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal."); *cf. Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963 (7th Cir. 1992) (complaints construed in favor of drafters in order to do substantial justice). *But see United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Length may make a complaint unintelligible[] by scattering

and concealing in a morass of irrelevancies the few allegations that matter.").

Though length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so. Again, the issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy. In *Garst* we affirmed the dismissal of a 155-page, 400-paragraph complaint that would have forced the defendants to spend countless hours "fishing" for the few relevant allegations:

> [E]ven if it were possible to navigate through these papers to a few specific instances of fraud, why should the court be obliged to try? Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim. Garst's lawyer filed documents so long, so disorganized, so laden with cross-references and baffling acronyms, that they could not alert either the district judge or the defendants to the principal contested matters.

*Id.*; *see also Davis*, 269 F.3d at 820 ("The dismissal of a complaint on the ground that it is unintelligible is unexceptionable.").

Applying these principles here, the district court was well within its discretion in refusing to accept Stanard's proposed second amended complaint. We agree that it crossed the line from just "unnecessarily long" to "unintelligible." Though the complaint was far longer than it needed to be, prolixity was not its chief deficiency. Rather, its rampant grammatical, syntactical, and typographical errors contributed to an overall sense of unintelligibility. This was compounded by a vague, confusing, and conclusory articulation of the factual and legal basis for the claims and a general "kitchen sink" approach to pleading the case. This was Maksym's third attempt to draft a comprehensible pleading, yet his effort to comply with the court's earlier directions was half-hearted at best; the proffered second amended complaint was rife with errors. We include a sampling to provide an understanding of its shortcomings:

- **Lack of punctuation.** At least 23 sentences contained 100 or more words. This includes sentences of 385, 345, and 291 words but does not include sentences set off with multiple subsections.[7]

---

[7] We acknowledge the unfortunate reality that poor writing occurs too often in our profession, but Maksym's complaint is far outside the bounds of acceptable legal writing. See, for example, this 345-word sentence. All errors are in the original:

That pursuant to the RICO Act, Defendants extortive activities constituted a Pattern of Racketeering activity and conspiracy involving violations of 1956(a)(1)(B)(ii), and 18 U.S.C. § 1341 (wire fraud—the use of interstate mail or

(continued...)

_____

[7] (...continued)

wire facilities, here telephone and facsimile transmissions), or the causing of any of those things promoting unlawful activity), and 18 U.S.C. § 1951 (interference with commerce and extortion by using and threatening to use legitimate governmental powers to obtain an illegitimate objectives under color of official right by wrongful plan, extortion, intimidation and threat of force and/or other unlawful consequence and through fear and misuse of there office to obstruct, hinder, interfere with, and/or affect commerce and the use and enjoyment of Plaintiffs' property and obtaining, as uniformed public officials payment for unwanted services to which they were not entitled by law, attempting to conceal from the United States of America their true and correct income and the nature thereof so obtained from Plaintiffs in order to attempt to evade paying lawful taxes thereon in violation of 26 U.S. § 7201, *et. seq.*, thereby using the governmental powers with which they have been entrusted to gain personal or illegitimate rewards and payments which they knew or should have known were made and/or obtained in return for the colorable official acts as aforesaid, and knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity all in violation of RICO and the other laws set forth herein, *inter alia, as well as* acts chargeable under any of the following provisions of the laws of the State of Illinois 720 ILCS 5/33-3(d) (official misconduct);

(continued...)

- **Near incomprehensibility.** Much of the writing is little more than gibberish. An example:

  Stanard and attendees, were stunned on the day of the family-oriented event, when an even more menacing law enforcement presence was created when Nygren's armed deputies, without prior consent or permission, warrant or probable cause, arrived, not a part of any agreement and a surprise and upset when it arrive, uninvited, on and entered and trespassed on Plaintiff property with drug-sniffing 'K-9' dogs, obviously and unfortunate that Defendants were 'looking for trouble' where there was none as distinct from "looking to serve".

- **Failure to follow basic directions.** Given three attempts to file a proper complaint, Maksym could not even bring himself to correct the errors cataloged by the district court following the first two rejections. The district court directed Maksym to separate his facts into sections relevant to each claim rather than just one massive section of "facts common to all counts." Maksym failed to do so. When it came to identifying the claims, conclusory allegations abounded. A few examples: (1) the defendants used wire transmissions to facilitate the scheme; (2) the

---

[7] (...continued)

720 ILCS 5/1211 (criminal home invasion); 720 ILCS 5/19-4 (criminal trespass to a residence) 720 ILCS 5/19-4); (theft 720 ILCS 5/16 (a)(1)&(2) by knowingly obtaining or exerting unauthorized and/or through threat control over Plaintiff's property as aforesaid.

defendants engaged in a pattern or practice of wrong-
ful behavior; (3) Nygren had decision-making author-
ity for the county; and (4) the defendants' actions
implicated interstate commerce because McHenry
County is near the Wisconsin border.

- **Failure to put defendants on notice.** Despite the
  complaint's length—or perhaps in part because of it—
  it remains unclear what constitutes the core of the
  claims against Nygren and the other defendants.
  For example, the § 1983 claim does not allege
  anything more concrete than that the defendants
  violated Stanard's First, Fourth, Fifth, and Fourteenth
  Amendment rights.

- **Grammatical and syntactical errors.** The district
  court put it best: "The grammatical and spelling
  errors" are "too numerous to add '[sic]' where re-
  quired."

  Perhaps these defects, considered alone, might not
justify the court's rejection of the second amended com-
plaint. Collectively, however, they are easily egregious
enough to warrant denial of the motion for leave to
amend. The complaint's lack of clarity would have
severely disadvantaged the defendants when it came
time to responsively plead to, much less defend against,
the claims. To form a defense, a defendant must know
what he is defending against; that is, he must know the
legal wrongs he is alleged to have committed and the
factual allegations that form the core of the claims
asserted against him. Deciphering even that much from
the second amended complaint is next to impossible. To

the extent that discerning the basic legal and factual basis of the claims is not impossible but merely unnecessarily difficult, we restate the primary teaching of *Garst*: A federal court is not obligated to sift through a complaint to extract some merit when the attorney who drafted it has failed to do so himself. *See Garst*, 328 F.3d at 378. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Id.* Maksym failed so thoroughly in this regard that the district court was well within its discretion to deny the motion for leave to amend.

The court's decision to dismiss the case with prejudice was also eminently reasonable. Again, this was Maksym's third attempt to plead properly, and he was still far from doing so. Moreover, Maksym repeatedly failed to follow explicit directions from the district court about how to correct specific problems in the first two complaints. The failures are too numerous to list here, but take as an example Maksym's approach to the § 1983 claim. As we have noted, the first complaint alleged in a wholly conclusory fashion that the defendants had violated Stanard's First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Reviewing that complaint, the district court noted that "the allegations in Count III [the § 1983 count] do not permit the court to determine which of the allegations in paragraphs 1-41 . . . support the alleged violations of the five constitutional amendments referred to in Count III." The court admonished Maksym "to be mindful of his obligation . . . to ensure

that any claims asserted are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The court issued this reminder "in light of the fact that the current complaint contain[s] several questionable claims," noting in particular that it purported to assert a violation of the Eighth Amendment, which protects only those who have been convicted of a crime. *See Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009).

Rather than fix these and other errors identified by the court, Maksym submitted a proposed amended complaint that in most respects used exactly the same language, even reasserting the frivolous Eighth Amendment claim. As the district court noted,

> plaintiffs have made no attempt to cure the problems with the § 1983 based claims . . . . In fact, but for the adjustment of paragraph numbers, these claims are unchanged and remain deficient for the reasons stated in [the court's previous order]. . . . Moreover, plaintiffs' counsel has failed to heed the court's warning to remain mindful of his obligations under Rule 11 by continuing to allege a violation of the Eighth Amendment without any facts demonstrating the plausibility of such a claim. Failure to comply with Rule 11 may result in sanctions.

Maksym was then given a third opportunity to plead correctly despite his flagrant disregard for the court's first order. He continued to demonstrate either an inability or unwillingness to comply with basic directions. Although Maksym removed the reference to the Eighth

Amendment in the § 1983 claim, he made no other legitimate effort to comply with the court's directives. In the district court's words, Maksym's latest amendment did "nothing to correct the deficiencies previously identified. The court and defense counsel remain in the dark as to which acts . . . by which defendants violated which of the four constitutional provisions that plaintiffs allege were transgressed."

It is true that the pleading rules favor decisions on the merits rather than technicalities, *see Foman*, 371 U.S. at 182, and also that leave to amend pleadings should be freely given, FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). But these general principles have some limits. Leave to replead need not be allowed in cases of "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. We have shown considerable deference to the informed judgments of district judges who must decide whether to dismiss a case with prejudice when counsel repeatedly fails to plead properly. For example, we affirmed a district court's decision to dismiss with prejudice after giving counsel four opportunities over four years to file a proper complaint. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 668 (7th Cir. 2007). In *Airborne Beepers* the district court had provided concrete instructions about how to fix the defects in each successive version of the complaint, and still counsel failed to do so. *Id.* at 665-66.

The same is true here. Maksym had three opportunities to file a complaint that complied with the rules,

yet he failed to follow basic instructions from the court. In many ways Maksym's conduct was much more egregious than that of the attorneys in *Airborne Beepers*. There, plaintiff's counsel at least had made concrete changes to the complaint at each stage in an effort to comply with the court's directions. Here, in contrast, Maksym made almost no changes in each new version of his complaint. As such, he flagrantly disobeyed the court's patient instructions. Moreover, he missed multiple deadlines and barely made others that had been repeatedly extended. The record as a whole attests to the district court's diligence in attempting to move the case past the pleadings stage; yet despite the court's earnest efforts, Maksym did not take advantage of the repeated opportunities he was given. Under the circumstances, the judge was fully justified in not giving him another chance. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004) (dismissal with prejudice was appropriate where plaintiff failed to comply with Rule 10(b) over multiple attempts and years and where district court reasonably viewed failure to comply as defiance of court orders). The principle that leave to amend should be freely granted does not require district judges to repeatedly indulge attorneys who show little ability or inclination to comply with the rules. *Cf. Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) ("The plaintiff's lawyer has had four bites at the apple. Enough is enough.").

One final note: Compounding the problems he exhibited in the district court, Maksym failed to file a reasonably coherent brief on appeal. All the deficiencies

that plagued the various versions of the complaint also infected his briefs here. Maksym never directly addressed the issues before this court, relying instead on cases of marginal or no relevance. In the table of authorities in his opening brief, he cites 81 cases, but almost all of them are completely irrelevant to the issues presented here. In his reply brief, after the defendants had crystallized the issues, Maksym again failed to meaningfully—or even comprehensibly—articulate an argument. His appellate briefing was characterized by a reliance on irrelevant, conclusory, and often incoherent arguments of which the following is a representative example: "Plaintiffs claims were not 'intelligible'— no 'needle in a haystack' as Appellees' claim."

In short, Maksym's entire approach to this case was alarmingly deficient. For all the foregoing reasons, we hold that the district court was well within its discretion to deny leave to file the second amended complaint and to dismiss the case with prejudice. We also order Maksym to show cause within 21 days why he should not be removed or suspended from the bar of this court or otherwise disciplined under Rule 46(b) or (c) of the Federal Rules of Appellate Procedure. We also direct the clerk of this court to send a copy of this opinion to the Attorney Registration and Disciplinary Commission of Illinois for any action it deems appropriate.

AFFIRMED.