**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013[*]
Decided May 10, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3418

| | |
|---|---|
| ALEX GU, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellant,* | |
| *v.* | |
| | No. 12 C 1852 |
| ANEY ABRAHAM, et al., | |
| *Defendants-Appellees.* | Robert W. Gettleman, *Judge.* |

## O R D E R

Alex Gu, a surgical assistant in Illinois, appeals the dismissal of his complaint alleging that St. Francis Hospital and two of its employees conspired to fire him because he is Chinese and over 40 years old. *See* 29 U.S.C. § 623; 42 U.S.C. §§ 1981, 1985, 2000e-2(a)(1). We affirm the judgment.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

As set forth in his complaint, Gu was fired for jeopardizing a patient's safety after walking out mid-surgery, but he maintained that the patient was not endangered by his conduct and that a doctor had permitted him to leave early. Gu also asserted generally that the hospital applied its policies differently to him because of his race, age, and national origin.

Gu attempted twice to amend his pleading. After the defendants moved to dismiss the complaint, Gu sought leave to file an amended complaint. The district court denied the motion, noting that Gu had failed in his original and proposed amended complaint to provide "a short and plain statement" of his claims. *See* FED. R. CIV. P. 8(a)(2). But the court granted Gu's motion for reconsideration, taking into account his pro se status, and invited him to file a second amended complaint—with the proviso that he clarify his claims and cut out irrelevant facts and caselaw. The court eventually dismissed the proposed second amended complaint with prejudice, however, concluding that it "suffers from the same fatal deficiencies" as the previous attempts.

On appeal Gu does not challenge the district court's conclusions and generally maintains that his second amended complaint sufficed to state a claim. But the district court did not abuse its discretion by refusing to accept Gu's pleading. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). A complaint must give the defendants fair notice of the claims against them and the grounds supporting those claims, *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011), and each allegation in the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Gu did not comply with the court's request that he clarify his claims; the second amended complaint—like his two previous attempts—exhibits "the lack of organization and basic coherence [that] renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Stanard*, 658 F.3d at 798.

AFFIRMED.