NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2017[*]
Decided September 5, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 17-1290

| | |
|---|---|
| LARRY D. BROOKS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 15-cv-564-PP |
| COMPLETE WAREHOUSE & | |
| DISTRIBUTION LLC, et al., | Pamela Pepper, |
| *Defendants-Appellees*. | *Judge.* |

**O R D E R**

Larry Brooks, an African-American truck driver, brought this race-discrimination suit against his former employer, Complete Warehouse & Distribution LLC, after he was fired for using company equipment without permission. The district court entered judgment dismissing Brooks's third amended complaint for not complying with the court's local rules and for failing to state a claim, and then denied Brooks's motion to

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

alter or amend judgment. Brooks appeals, but he does not challenge the basis for the underlying dismissal. We affirm.

Brooks filed his initial complaint under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, alleging a pattern of racial harassment by coworkers and supervisors beginning in early 2008, as well as discriminatory firing in mid-2009; he also asked the district court to recruit counsel for him. The court promptly denied the request because Brooks had not shown that he reasonably had tried to find his own lawyer. See *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*). After he contacted several lawyers, he renewed his request, which the court also denied because he had not shown that his case was too complicated to handle on his own. See *id*.

In quick succession, Brooks twice moved to amend his complaint. In the first motion, he sought to add claims of negligence, intentional infliction of emotional distress, and hostile work environment; in the second motion, he proposed adding a retaliation claim. The district court addressed both of these motions, determined that they did not clarify "which defendants committed which . . . violations," and ordered Brooks to file a third amended complaint setting forth all of his allegations and claims "in one document." The court pointed Brooks to its Local Rule governing amendment of pleadings, which requires that any amendment "reproduce the entire pleading as amended." E.D. WIS. CIV. R. 15(a). The court attached a form complaint and instructed Brooks how to fill it out:

> [T]he plaintiff must take a clean copy of the complaint form, must insert the word "Third Amended" in front of the word "Complaint" in the title, and then must list, in numerical order: (a) each cause of action he wants to bring; (b) the names of each defendant against whom he brings that particular cause of action; (c) the particular facts he believes show that that defendant (or those defendants) violated the law alleged in that cause.

Brooks submitted a new form complaint (the "third amended complaint"), which named each of the defendants and the claims he purported to bring against each of them, but offered few factual details. The form complaint was replete with parenthetical references to "see" particular pages in the original complaint.

The defendants moved to dismiss Brooks's third amended complaint for violating the court's local rules, among them Local Rule 10(a) (requiring that claims be set forth in numbered paragraphs) and Local Rule 15(a) (prohibiting incorporation of

prior pleadings by reference). Three days after the due date for his response, Brooks misguidedly filed a "Rule 54(A-C) Motion for Default and Alternative Rule 55 Motion for Default Judgment." The court denied this motion, and observed that Brooks had not responded to the defendants' motion to dismiss. The court elaborated on what sort of response it expected:

> A "response" is a document—like a brief—that responds to what the defendants said in their motion and brief. So, for example, on page 13 of the brief in support of their motion to dismiss, the defendants argue that the plaintiff's third amended complaint violates the Local Rules for the Eastern District of Wisconsin in several ways. . . . If the plaintiff does not agree that the third amended complaint violated the Local Rules, he would "respond" by stating, in writing, why he believes the defendants are wrong about that. That is what a "response" is—a document that explains why the person filing the response believes that the statements or arguments in the motion are wrong.

The district court allowed Brooks additional time to file such a response. Brooks submitted a chronological narrative of the events underlying his case, but nowhere did he address the defendants' contentions that his third amended complaint violated the court's local rules.

The district court granted the defendants' motion to dismiss—a motion that it construed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) because the defendants had answered the complaint. Brooks's third amended complaint, the court explained, disregarded the "clear instructions" of the court's earlier order directing him to file a proper third amended complaint; Brooks also disregarded the court's later order instructing him how to respond to the basis of the defendants' motion to dismiss his case. The third amended complaint also violated several rules of civil procedure: Federal Rule of Civil Procedure 8 (in that it contained no "short and plain statement" of Brooks's claims), Federal Rule of Civil Procedure 10 and Local Rule 10 (it did not set forth each claim in a separately numbered paragraph or distinguish the factual circumstances supporting each claim), and Local Rule 15(a) (it improperly cross-referenced his earlier complaint). The court declined to allow Brooks another opportunity to amend his complaint, since the case had been pending for twenty months and he already had received "four chances to plead a complaint that conforms to the rules."

Brooks moved the court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e), asserting that another document he had filed—a proposed discovery plan, see Federal Rule of Civil Procedure 26(f)—concisely summarized his claims and should have been considered along with his complaint. The district court denied the motion on the ground that Brooks had not established any manifest error of law or fact. The Rule 26(f) plan, the court stated, suffered from the same deficiencies as the first, second, and third amended complaints: it listed Brooks's claims but did not "explain what the defendants did to the plaintiff."

Brooks's briefs on appeal are sprawling, and he appears to suggest that the district court mishandled his original and amended complaints by not "consolidating" them with each other and with his Rule 26(f) plan. But he does not challenge the judge's primary conclusion that his third amended complaint violated the court's local rules, the federal rules of civil procedure, and the judge's explicit instructions for amending the complaint. Although district courts should construe pro se complaints liberally, pro se litigants are not excused from compliance with procedural rules, including local rules. See *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). For substantially the reasons stated by the district court, we uphold the dismissal of Brooks's third amended complaint. See *Stanard v. Nygren*, 658 F.3d 792, 800–01 (7th Cir. 2011) (upholding "eminently reasonable" decision to dismiss case where plaintiff was given three opportunities to plead properly and "repeatedly failed to follow explicit directions from the district court about how to correct specific problems in the first two complaints").

Brooks also generally challenges the district court's refusal to recruit counsel for him. While Brooks might have benefited from a lawyer, that is not the standard upon which we review the denial of such requests. We entrust these difficult determinations to the district court's discretion, and our role is to ensure that the court applied the proper legal standard without abusing that discretion. See *Olson v. Morgan*, 750 F.3d 708, 711–12 (7th Cir. 2014); *Pruitt*, 503 F.3d at 654. And here the court did not abuse its discretion. Early in the litigation (when Brooks filed his second request for counsel, at the same time he filed his first amended complaint), the court evaluated Brooks's abilities and found him able to "clearly articulate[] his claims." The court offered to recruit counsel "at a later date" if it determined that he could not adequately represent himself and that a lawyer likely would affect the outcome. Brooks did not renew his request for counsel after the court's early denials, and the district court was under no obligation to reconsider its denials *sua sponte*. See *Pruitt*, 503 F.3d at 659.

We have considered Brooks's remaining arguments, but none has merit. The judgment of the district court is

AFFIRMED.