NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 14, 2017
Decided December 4, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1732

| | |
|---|---|
| JOHN H. DAVIS, et al., | Appeal from the United States District |
| *Plaintiffs-Appellants*, | Court for the Northern District of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:16-cv-120 |
| JEANNE W. ANDERSON, et al., | |
| *Defendants-Appellees*. | Philip P. Simon, *Judge*. |

**O R D E R**

Naming himself, his ex-wife, and their adult autistic son as plaintiffs, Attorney John H. Davis filed a 574-page complaint in federal court in northern Indiana against 16 defendants, including various Alabama officials and the Alabama Department of Human Resources, plus 20 "John Does." He attached 429 pages of exhibits to this excessive pleading. Predictably, the district judge struck the complaint and ordered the plaintiffs to file one that complies with the rules of procedure. Davis responded with a 165-page amended complaint, to which he attached the same 429 pages of exhibits. He later filed a second amended complaint; this version stretched to 215 pages and again included the same 429 pages of exhibits. The judge had seen enough: he dismissed the

case with prejudice for failure to comply with the basic requirements set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure.

Davis has appealed, still purporting to represent himself, his ex-wife, and their adult son as plaintiffs-appellants. As a pro se litigant, however, Davis cannot also represent the other two plaintiffs, so we dismiss them as parties to the appeal. As to Davis, we affirm the judgment. His repeated failure to comply with Rules 8 and 10 fully justified the judge's order dismissing the case with prejudice.

## I. Background

John Davis and his ex-wife, Shelia, contend that 16 named defendants, including the Alabama Department of Human Resources and various public officials in that state, in concert with 20 John Does, unlawfully took custody of their autistic son, Eric, in a child-welfare action. They allege that Eric, who was born in 1991, was taken from them in 2001 and that they have been unable to regain custody. Eric is a named plaintiff too, but he is not a minor, and neither John nor Shelia is his legal guardian, if he has one. Whether Eric agreed to be party to this suit or is even aware of it is an open question.

The original complaint was 574 pages long and contained 429 pages of exhibits, bringing its total length to a whopping 1,003 pages. The pleading was accompanied by a motion for a temporary restraining order. At a hearing on that motion, the judge struck the complaint sua sponte, noting that among its many defects, it did not comply with Rule 8(a)'s basic requirement of a "short and plain" statement of the plaintiffs' claims. The judge explained that the Davises could "write a very straightforward complaint" that would contain their allegations "that your son was taken away from you without notice, without any due process, without any right to be heard, that they've invaded your constitutional rights to association with your child." John Davis conceded that "[i]t doesn't take 550 pages to do this." The judge gave the plaintiffs 60 days to file an amended complaint.

The amended complaint clocked in at 165 pages and came with the same 429 pages of exhibits as the original complaint, for a combined total of 594 pages. The Davises also filed a new motion for a temporary restraining order. The judge denied the motion and expressed his disapproval of the amended complaint, noting that it failed to remedy the defects in the original complaint. The amended complaint, he explained, continued to employ the "kitchen sink" approach to pleading, which he had expressly cautioned Davis against. The judge also noted that the amended complaint blatantly

violated Rule 10(b)'s requirement that allegations be set forth in separately numbered paragraphs.

The Davises then filed a second amended complaint. This time the document grew to 215 pages with the same 429 pages of exhibits. A magistrate judge struck that pleading because the plaintiffs had not obtained the defendants' consent or the court's leave to amend, so the first amended complaint remained the operative pleading.

Many of the defendants moved to dismiss, arguing (among other things) that the amended complaint violated Rules 8 and 10. The district judge dismissed the suit based on the plaintiffs' repeated failure to comply with these rules. The judge explained that there was "not a single short and plain statement of any claim," and the exhibits were irrelevant. The amended complaint, like the original version, also failed to connect claims to defendants; most counts, the judge noted, were contained in a "single mammoth paragraph." And because all three versions of the complaint contained the same glaring deficiencies, the judge concluded that no further opportunity to amend was warranted. The judge therefore dismissed the case with prejudice.

## II. Discussion

The Davises insist on appeal that their amended complaint complies with Rule 8 and Rule 10. They claim that those rules do not apply to the "preliminary" section of the amended complaint (83 pages) or the "chronology" section (41 pages), and that the defendants could have moved for a more definite statement if any part of the complaint was unclear. The defendants respond that the judge explicitly warned the plaintiffs about the requirements of Rules 8 and 10, yet the excessively long, verbose, and unintelligible amended complaint obviously did not comply.

As an initial matter, it's clear that John Davis cannot represent his ex-wife and their son in this matter because he is also a party. A pro se litigant, even one who is a licensed attorney, is not allowed to represent other people on appeal, see *Cole v. Comm'r*, 637 F.3d 767, 773 (7th Cir. 2011), or in the district court, *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008). Without Shelia's and Eric's signatures on the appellate briefs signifying their status as pro se litigants, they are not parties to this appeal. FED. R. CIV. P. 11(a); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 402 (7th Cir. 2010); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001). We dismiss Shelia Davis and Eric Davis as parties to the appeal.

Moving to the merits, dismissal for noncompliance with Rules 8 and 10(b) is discretionary, and our review is for abuse of that discretion. *See Stanard v. Nygren*, 658 F.3d 792, 796–97 (7th Cir. 2011); *Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004). Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 10(b) requires a party to state its claims or defenses in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). The primary purpose of these rules "is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard*, 658 F.3d at 797. So a complaint is subject to dismissal under these rules if it is unduly long or if it is unintelligible. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013); *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The amended complaint suffers from both defects.

Davis's insistence that his amended complaint satisfies Rule 8 and Rule 10 is frivolous. The pleading suffers from extreme logorrhea. As we've noted, the "Preliminary Statement" alone is 83 pages. Many of the numbered paragraphs in this section continue on for many pages and encompass wholly unrelated or irrelevant circumstances. A representative example is paragraph 4(s), which spans 14 pages, contains 67 unnumbered paragraphs, and covers multiple unrelated and often incoherent topics, including Eric's stay at a hospital; his education in Alabama; the plaintiffs' belief that the defendants have committed RICO violations; the "deep hatred for Northerners" held by citizens of Athens, Alabama; Elian Gonzalez; and a mental-health study conducted on retired NFL players. Other numbered paragraphs in the Preliminary Statement are similar; the last one in this section begins on page 53 and continues for 37 pages.

The amended complaint then provides a "Chronology" that consists of many unnumbered paragraphs. This section covers myriad events broken down by year, with subheadings for each year from 1991 to 2015. After discussing "Jurisdiction and Venue" for two pages, the amended complaint moves on to "Common Allegations," followed by legal theories arranged into 16 counts. It's not clear, however, which defendants are alleged to be liable under each count. Thirteen of the sixteen counts are pleaded in a single paragraph; most of the "counts" are at least a page long.

We normally defer to the "informed judgment of district judges who must decide whether to dismiss a case with prejudice when counsel repeatedly fails to plead properly." *Stanard*, 658 F.3d at 801. Davis offers no reason to deviate from that practice. Here the judge patiently identified the defects in the original complaint, yet Davis—a

licensed attorney, *see* Mr. John Horace Davis, *Indiana Roll of Attorneys*, COURTS.IN.GOV, https://courtapps.in.gov/rollofattorneys/Search/Detail/a4bb5ab1-fdb6-e011-9d34-02215e942453 (last visited Nov. 29, 2017)—flagrantly disregarded the judge's instructions by presenting an amended complaint containing 165 pages of gobbledygook. And because Davis is an attorney, his pleadings are not entitled to the generous construction normally given to pro se filings. *See Cole*, 637 F.3d at 773. We have upheld the dismissal of shorter, and sometimes clearer, complaints. *See Garst*, 328 F.3d at 376 ("pestilential" 155-page complaint); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (119-page complaint); *Hartz v. Friedman*, 919 F.2d 469, 471 (7th Cir. 1990) (125-page complaint); *Jennings v. Emry*, 910 F.2d 1434, 1435 (7th Cir. 1990) (55-page complaint).

Davis contends that Rules 8 and 10 apply only to the "claims" section of his amended complaint (pages 140 to 159), but this argument is likewise frivolous. Rule 8 "requires parties to make *their pleadings* straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Garst*, 328 F.3d at 378 (emphasis added). And Rule 10(b) "requires *allegations* to be separated into numbered paragraphs[] and distinct claims to be separated into counts." *Frederiksen*, 384 F.3d at 438 (emphasis added). The amended complaint complies with neither rule.

Finally, Davis argues that dismissal was unwarranted because the defendants could have asked for a more definite statement under Rule 12(e). That argument improperly shifts the burden of compliance with the pleading rules away from the plaintiffs. Further, we have explained that it's usually preferable to require repleading rather than ordering a more definite statement so that a plaintiff's allegations are not split between the complaint and the more definite statement. *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). In short, the judge was well within his discretion to dismiss this case with prejudice after providing an opportunity to replead based on the repeated and flagrant violations of Rules 8 and 10.

Before concluding, we note that Davis's conduct in this litigation raises serious concerns about his professional competence. He repeatedly ignored the judge's simple instructions to file a complaint that complied with the federal rules. Even after the judge all but dictated what it would take to file a competent pleading, Davis returned with another bloated, unintelligible tome. Moreover, he told the judge that he was unable to communicate with his son except for exchanging an occasional greeting over the phone. That gives us reason to doubt whether Eric even knows about this case, yet Davis named him as a plaintiff and holds himself out as his attorney. Davis's possible failure

to communicate with Eric regarding the scope of the purported representation may violate Rule 1.4 of the Indiana Rules of Professional Conduct. And to the extent Eric's interests are not aligned with Davis's interests (or Shelia's, for that matter), Davis may also be violating Rule 1.7 of the code of conduct. *See In re Moores*, 854 N.E.2d 350, 353 (Ind. 2006).

For the foregoing reasons, we DISMISS Shelia Davis and Eric Davis as parties to this appeal and otherwise AFFIRM the judgment of the district court. IT IS FURTHER ORDERED that John Davis must show cause within 21 days why he should not be removed or suspended from the bar of this court or otherwise disciplined under Rule 46(b) or (c) of the Federal Rules of Appellate Procedure. We also direct the clerk of this court to send a copy of this order to the Indiana Supreme Court Disciplinary Commission for any action it deems appropriate.