NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 19, 2019[*]
Decided August 20, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2025

| | |
|---|---|
| MARVIN FAULKNER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 16 CV 02432 |
| ANNA M. LOFTUS, *et al.*, | |
| *Defendants-Appellees*. | Edmond E. Chang, |
| | *Judge*. |

**O R D E R**

Marvin Faulkner filed a 125-page, 238-paragraph complaint, his third bloated pleading in this case, against 49 defendants. The district court dismissed the complaint because it lacked jurisdiction over certain claims and for Faulkner's failure to provide a "short and plain statement" of his claim, among other reasons. *See* FED. R. CIV. P. 8(a). Faulkner appeals, and we affirm.

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

Faulkner alleged that a massive conspiracy existed among state-court judges, law firms, and banks to fraudulently foreclose the mortgages secured by a dozen properties he owned. Faulkner alleged that, all told, he was defrauded out of millions of dollars, and he said that he feared for his safety because he had uncovered the defendants' scheme. He asked the court to award him almost $5 million in actual damages and $40 million in punitive damages. The defendants moved to dismiss the operative second amended complaint on various grounds.

The district judge dutifully marched through the complaint and dismissed Faulkner's claims against 24 defendants because it lacked jurisdiction over those claims under the *Rooker-Feldman* doctrine and because judicial immunity shielded the state-court judges. *See Mireles v. Waco*, 502 U.S. 9 (1991); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). The judge then dismissed the rest of the complaint for many reasons, including its length and unintelligibility. *See* FED. RS. CIV. P. 8(a), 10(b). The judge observed that this was Faulkner's third complaint of over 120 pages, that the judge had previously explained the pleading rules and warned Faulkner that his case could be dismissed if he did not comply, and that the court's count of 238 paragraphs was "an *under*-count of the true number of allegations, because many paragraphs contain multiple subparts." *See Stanard v. Nygren*, 658 F.3d 792, 797, 801–02 (7th Cir. 2011); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378–79 (7th Cir. 2003). The complaint also was unintelligible, the court added, in part because the chronology of Faulkner's story, within and among paragraphs, was opaque, and it was impossible to determine which defendants had done what. *See Stanard*, 658 F.3d at 802 ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438–39 (7th Cir. 2004).

On appeal Faulkner raises essentially the same allegations he put in his complaint, except that he now asserts the district judge joined the underlying conspiracy. (He had moved for the judge's recusal four times, baselessly accusing the judge of threatening him with violence.) He does not, however, contend with any of the judge's conclusions or provide a ground for reversal. *See* FED. R. APP. P. 28(a)(8). Nor could he: the judge's handling of the case is commendable, although it was an unfortunate waste of resources. And this case is only one of many state and federal lawsuits Faulkner has brought or defended with the same arguments. With this appeal, Faulkner has abused not only the judiciary's time, but that of the defendants, their lawyers, and the public (the Illinois Attorney General drafted the joint appellees' brief—

there are four more). But for Faulkner's payment of the filing fee after the district court certified that this appeal was not taken in good faith, this court and the appellees would not have been burdened with Faulkner's frivolous quest. Having reviewed the record and the briefs, we will therefore be economical and AFFIRM the judgment for substantially the same reasons expressed in the district court's well-reasoned and thorough opinion. We also ORDER Faulkner to show cause within 14 days why sanctions (potentially including a fine and the appellees' reasonable attorneys' fees) should not be imposed under Rule 38 of the Federal Rules of Appellate Procedure.