NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2022[*]
Decided October 25, 2022

***Before***

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 22-1401

| | |
|---|---|
| JENNIFER REINOEHL, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | |
| | No. 3:21-cv-608 |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, et al., | |
| *Defendants-Appellees*. | Damon R. Leichty, |
| | *Judge.* |

**O R D E R**

Jennifer Reinoehl sued 16 defendants, asserting that they violated her rights by recommending, creating, or enforcing mandates to wear face masks to mitigate the spread of COVID-19. The district court struck Reinoehl's first three complaints because

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

it found them too unwieldy and unintelligible. It eventually dismissed the case with prejudice because Reinoehl repeatedly did not comply with the court's instructions on how to fix her complaint. We affirm.

Reinoehl's original complaint included 596 paragraphs spread over 128 pages— followed by 251 pages of exhibits. She sued the Centers for Disease Control and Prevention, the Food and Drug Administration, Dr. Anthony Fauci, the Governor of Indiana, the Indiana State Health Commissioner, three county councils, three county health departments, and five private businesses. She alleged, for instance, that mask mandates were an unauthorized experiment on human subjects and that the government created propaganda campaigns that caused discrimination against people with disabilities, like Reinoehl, who cannot wear masks. She also alleged that she was denied access to private businesses and government buildings, or else forced to risk her health by wearing a mask to enter.

As the defendants were responding to the complaint (two defendants answered and several others moved to dismiss), Reinoehl moved for leave to amend it. Her proposed first amended complaint would lengthen the pleading to 151 pages with 326 pages of exhibits. On its own, the district court struck the original complaint and denied leave to file the first amended complaint, ruling that each violated Rule 8 of the Federal Rules of Civil Procedure, which sets forth the federal notice pleading standards. The court also noted many "immaterial and impertinent statements" in violation of Rule 12(f)(1). Finally, the court told Reinoehl that grouping unrelated claims against different defendants violates the joinder provision of Rule 20(a)(2) and that such claims had to be split into separate suits. Observing that Reinoehl was pro se, the court allowed her to amend the complaint again, but it twice warned her that failing to comply with the federal rules could result in dismissal.

Reinoehl then filed her second amended complaint. Although slightly shorter and more organized than the first amended complaint, it still included unrelated defendants and claims, irrelevant matter, and legal arguments. It was also late. The court struck this pleading and gave Reinoehl another opportunity to replead, warning her that further non-compliance would result in dismissal.

Reinoehl did not timely file a third amended complaint. Instead, she filed motions to vacate the order striking her second amended complaint and for the district judge's recusal. The district court denied these motions and then dismissed the case with prejudice. It explained that, in numerous attempts, Reinoehl did not provide a

"short and plain statement" of her claims with "simple, concise, and direct" allegations, FED. R. CIV. P. 8(a), (d), and she repeatedly violated its orders and failed to timely submit a conforming pleading. See FED. R. CIV. P. 41(b).

On appeal, Reinoehl first argues that the district court erroneously rejected her proposed amended complaints for failing to comply with the federal pleading rules—rulings we review for an abuse of discretion. *Stanard v. Nygren*, 658 F.3d 792, 796 (7th Cir. 2011). Reinoehl contends that it was error to resort to the drastic remedy of dismissal simply because her complaints were "too long." At worst, she asserts, her long complaints contained a "disposable husk around a core of proper pleading." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). Contrary to Reinoehl's premise, however, the district court rejected her complaints because they were "unintelligible"—meaning "vague, confusing, and conclusory," with "a general 'kitchen sink' approach"—not solely for their length. See *Stanard*, 658 F.3d at 798. Although, as Reinoehl notes, pro se litigants are entitled to lenience in their filings, they still must follow court orders and procedural rules. See *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Reinoehl counters that her complaints were not unintelligible because the defendants who moved to dismiss the original complaint knew that she was claiming discrimination under the Americans with Disabilities Act, and two defendants were able to answer. But that some defendants could discern a legal theory does not mean her pleadings complied with Rule 8. And we will not use the defendants' efforts to comply with their own time-sensitive pleading obligations, see FED. R. CIV. P. 12(a)(1), to excuse Reinoehl's failure to comply with her own.

Next, Reinoehl insists that the district court improperly struck entire complaints for containing immaterial and irrelevant matter. See *Davis*, 269 F.3d at 820. Although a judge or defendant may attempt to strike "redundant, immaterial, impertinent, or scandalous matter" from a complaint, FED. R. CIV. P. 12(f), this pleading was too cumbersome to allow for this step without inordinate effort. In any event, we understand the district court to have mentioned the Rule 12(f) violations not as an independent ground for dismissal, but because of their effect on the complaints' overall unintelligibility. The volume of extraneous, irrelevant content—for instance, a forty-paragraph analysis of *Jacobson v. Massachusetts*, 197 U.S. 11 (1905)—obscured the meat of her grievances against the various defendants. See *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The presence of a few *potential* claims hidden in the chaff cannot save an otherwise unintelligible complaint. See *id.*

Reinoehl next argues that the district court erred by dismissing her case for misjoining claims and defendants. See FED. R. CIV. P. 21. True, courts generally ought to sever plausible claims against misjoined parties into separate suits. See *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018). But here, we do not see how the district court could have deciphered allegations against particular defendants and severed the suit accordingly. See *id.* at 863 (noting district judges' "considerable flexibility" in case management). And, rather than use misjoinder as grounds for dismissal, the court here focused on how the unrelated claims against improperly joined parties compounded the complaints' unintelligibility. So too did the complaints' frequent allegations of actions by "the defendants" or "the government defendants," not particular persons or entities. See *Stanard*, 658 F.3d at 794. The district court gave Reinoehl the opportunity to sever the claims herself by filing multiple suits, but she declined. The court's approach was not an abuse of discretion.

With her focus on the pleading standards, Reinoehl gives short shrift to the district court's use of its inherent power and Rule 41(b) to dismiss for lack of prosecution and failure to comply with its orders. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). The court gave Reinoehl multiple opportunities to correct the deficiencies it patiently identified and warned her about the consequences of failing to comply with its orders and the federal rules. See *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (identifying factors a court should consider before dismissing a complaint under Rule 41(b)). Despite this, Reinoehl did not follow the court's advice. See *Stanard*, 658 F.3d at 795 ("Haphazard" improvement is not enough.). Reinoehl now explains that she included material that the court told her to remove so she could preserve issues for appeal. But obeying the court's orders to comply with procedural rules would not place her in jeopardy of waiving anything. Similarly, she was required to timely file her third amended complaint even though she had pending motions. See *Maness v. Meyers*, 419 U.S. 449, 458–59 (1975). Dismissal was appropriate based on Reinoehl's repeated violations of the court's orders. See, e.g., *McInnis v. Duncan*, 697 F.3d 661 (7th Cir. 2012).

Reinoehl (who invoked the district court's jurisdiction to begin with) next makes the confusing assertion that "without jurisdiction, the Court has no discretion to (1) rule on any other claims including Rule 8 nor (2) dismiss the case with prejudice." This is apparently a reference to several motions to dismiss her original complaint for lack of standing, at least one of which was based on an asserted lack of a concrete and particularized injury-in-fact for Article III purposes. In its order striking Reinoehl's first

two complaints, however, the district court denied these motions as moot and explained that it would "address jurisdiction once a compliant pleading ha[d] been filed." At the pleading stage, standing is evaluated under the "same analysis used to review whether a complaint adequately states a claim." See *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Therefore, the district court permissibly declined to assess Article III standing until it received a complaint with "well-pleaded factual allegations," *id.* at 174—i.e., one that complied with Rule 8. But it never did, and it ultimately exercised its discretion to deny further leave to amend and to dismiss for noncompliance with its orders and the federal rules. The court was not required to first conclude, sua sponte, that Reinoehl had standing—which would involve assessing the injuries supposedly inflicted by scores of defendants—before dismissing on the grounds it chose.

In any case, in her proposed amended complaints, Reinoehl alleged that as a person with disabilities, she was harmed by being forced to comply with mask mandates or forgo in-person participation in certain activities. These allegations, accepted as true, do not so clearly suggest a standing problem as to require sua sponte action. See *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 695 (7th Cir. 2018); *Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014).

Reinoehl also argues that the district judge should have recused himself as actually biased under 28 U.S.C. §§ 144, 455(b), and perceived to be biased under § 455(a). Because Reinoehl cannot meet the lower threshold for perceived bias—whether the "judge's impartiality might be questioned by a reasonable, well-informed observer," *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020) (quoting *United States v. Herrera-Valdez*, 826 F.3d 912, 917 (7th Cir. 2016) (emphasis removed))—we need not resolve the appellees' arguments that her § 144 motion was untimely or that a pro se litigant can never succeed under § 144, which requires the certification of counsel.

To support her assertion of bias, Reinoehl cites the district judge's treatment of her (primarily comments that she found dismissive or rude) and what she considers to be his pro-mask rulings in her case and in *Klaassen v. Trustees of Indiana Univ.*, 549 F. Supp. 3d 836 (N.D. Ind. 2021), *vacated as moot*, 24 F.4th 638 (7th Cir. 2022). Judicial determinations alone almost never establish bias, and the scattered remarks potentially indicating impatience add little here. See *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Reinoehl also argues that the judge and his wife are both employed by a university with a mask mandate and thus have a financial interest in the case. See 28 U.S.C. § 455(b)(4). This argument is frivolous: salaries or honoraria from a non-party university with mask mandate do not create any concrete financial interest in the

outcome of this case. See *Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 525 F.3d 554, 557 (7th Cir. 2008). In short, no reasonable observer would question the judge's impartiality. See *Barr*, 960 F.3d. at 920. Indeed, Reinoehl's case received solicitous and careful treatment; Judge Leichty is to be commended.

We have considered Reinoehl's other arguments; none merits discussion.

AFFIRMED